IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COURTNEY WILLIAMS,

            Petitioner,                      No. 2:11-cv-2853-JAM-EFB P

      vs.

VIRGA,

            Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

      On July 27, 2012, the court dismissed this case for failure to prosecute.  ECF No. 14.  On the same date judgment was entered and the case was closed.  ECF No. 15.  On January 4, 2013, petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  ECF No. 16.  On March 18, 2013, the district judge assigned to this case granted petitioner motion and directed the Clerk of the Court to reopen the case.  The district judge also ordered petitioner to file an opposition to respondent's January 24, 2012 motion to dismiss within 30 days.  Petitioner timely filed an opposition on April 15, 2012.  ECF No. 20. Respondent did not file a reply.

      On June 27, 2013, petitioner requested that default be entered against respondent.  ECF No. 22.  Petitioner argues that he is entitled to an entry of default because respondent failed to timely file a reply brief responding to petitioner's opposition to the motion to dismiss.  *Id.*

1   Petitioner confuses a reply brief on a motion (which is optional), with the requirement for a

2   defendants to file an answer or responsive pleading once served with the summons and

3   complaint.  Respondent was not required to file a reply brief on the motion to dismiss and the

4   failure to do so in no way constitutes a default in this action.

5        Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a

6   judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk

7   must enter the party's default."  Fed. R. Civ. P. 55(a).  The filing of the motion to dismiss

8   constitutes the filing of the required responsive pleading.  Respondent was not required to file a

9   response to petitioner's opposition to a motion.  The scheduling order in this matter permitted,

10   but did not require, respondent to file a reply to petitioner's opposition within 14 days of the date

11   the opposition was filed.  Furthermore, the court's local rules do not require respondent to file a

12   reply to petitioner's opposition.  E.D. Cal. Local Rule 230(l) ("The moving party *may*, not more

13   than seven (7) days after the opposition has been filed . . ., serve and file a reply to the

14   opposition." (emphasis added)).  Thus, respondent's failure to file a reply does not entitled

15   petitioner to an entry of default.

16        Accordingly, it is hereby RECOMMENDED that petitioner's motion for default

17   judgment, ECF No. 22, be denied.

18        These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

23   /////

24   /////

25   /////

26   /////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 25, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3