UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>TIM VIRGA,<br><br>    Respondent. | No. 2:11-cv-2853-JAM-EFB P<br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss on the grounds that the petition fails to state a federal claim.  ECF No. 11.  For the reasons that follow, the motion must be granted.

**I.    The Petition**

    On August 29, 2009, petitioner was issued a Rules Violation Report ("RVR") for indecent exposure and was placed in administrative segregation.  ECF No. 1 at 7, 10, 12.  At a hearing on October 22, 2009, petitioner was found guilty of the charge and assessed 180 days loss of canteen privileges, "appliances," vendor packages, phone privileges, and personal property.  *Id.* at 12.  In addition, petitioner was assessed a loss of 150 days' time credit.  *Id.* at 17.  On administrative appeal, however, the disciplinary finding was vacated because a Staff Assistant had not been present when an inmate was interviewed in preparation for the hearing, in contravention of state regulations.  *Id.* at 19.

Prison authorities reissued the RVR on April 2, 2010. *Id.* at 23. Petitioner was again determined to be guilty after a hearing on May 4, 2010 and assessed a 60-day loss of canteen privileges, appliances, and vendor packages. *Id.* at 25. A time-credit forfeiture was again imposed. *Id.* at 32. Petitioner again appealed. *Id.* at 32-33. The prison appeals reviewer determined that state regulations had been violated in this second hearing as well, because the hearing officer had failed to record why a witness requested by petitioner had not testified and whether a Staff Assistant had been present at the hearing and had met with petitioner prior to the hearing. *Id.* at 32-33. The appeals reviewer issued a "modification order" requiring that the RVR be reissued and heard for a third time to clarify whether the requested witness had been present or why he was absent and to document whether the Staff Assistant had met with petitioner before the hearing or been present during the hearing. *Id.*

On April 12, 2011, petitioner filed a habeas petition in the California Supreme Court to challenge the results of the second hearing. ECF No. 11-1 at 2, 3-8. The court denied the petition on September 21, 2011. *Id.* at 2. The instant petition followed, also challenging the results of the second hearing. ECF No. 1 at 1 (indicating the date of the decision challenged as May 4, 2010). The state and federal petitions do not indicate the results of the third hearing or challenge those results.

Petitioner argues that the second hearing violated his due process rights in four ways: (1) because the RVR was reissued more than 30 days after it was ordered to be reheard (*id.* at 4); (2) the hearing officer signed the modification order on behalf of the warden, indicating a conflict-of-interest (*id.*); (3) the hearing officer imposed a second loss of privileges although petitioner had already endured 180 days loss of privileges as a result of the first, and now vacated, disciplinary finding (*id.* at 5); and (4) the appeals reviewer determined that petitioner's due process rights were violated in the second hearing but failed to restore his lost time credits (*id.*).

**II.     Standard on a Motion to Dismiss**

Respondent moves to dismiss the amended petition pursuant to Rule 4 of the Rules Governing § 2254 Cases for failure to state a cognizable claim. This court has authority under Rule 4 to dismiss a petition if it "plainly appears from the face of the petition and any attached

2

exhibits that the petitioner is not entitled to relief in the district court . . . ." As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default). Respondent argues that petitioner's claim should be dismissed because the petition does not challenge the fact or duration of petitioner's confinement and petitioner has not shown that he was deprived of a federally protected liberty interest.

### III.    Analysis

Respondent argues that petitioner fails to state a cognizable habeas claim because the petition does not implicate the fact or duration of his confinement, as it must. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev Stat § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . .; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). According to respondent, "CDCR issued an administrative appeals decision vacating [petitioner's] second hearing and ordering the matter reissued and reheard for a third time" and, in so doing, "effectively restored Williams' lost custody credits pending a third hearing." ECF No. 11 at 3.

The petition and its attached exhibits provide no information as to the third hearing and its outcome. Petitioner's opposition to the motion to dismiss is also silent on this matter. It is possible that, at the third hearing, the hearing officer determined that petitioner should not be assessed a credit forfeiture because of some mistake at the second hearing with regard to petitioner's requested witness or the Staff Assistant's discharge of his or her duties. The record is simply not clear. Because the allegations of the petition leave open the possibility that petitioner has suffered no loss of credits and that this case therefore does not implicate the duration of petitioner's confinement, the petition should be dismissed. It is possible that petitioner can allege

facts that would show that the petition does implicate the duration of his confinement and therefore dismissal must be with leave to amend. Further, the dismissal must be without prejudice to petitioner's ability to raise his complaints in a civil rights action under 42 U.S.C. § 1983, if, in fact, the challenged disciplinary action did not result in a loss of time credits.[1]

### IV.     Conclusion and Recommendation

For the reasons stated above, it is hereby RECOMMENDED that:

1. Respondent's January 24, 2012 motion to dismiss (ECF No. 11) be granted with leave to amend and without prejudice;

2. Petitioner be provided 30 days from the date of any order adopting these recommendations to file an amended petition alleging facts that would show that the petition implicates the fact or duration of his confinement;

3. Petitioner's July 26, 2013 motion for an order to show cause (ECF No. 25) be denied; and

4. Petitioner's January 7, 2013 motion for expedited treatment (ECF No. 27) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In

---

[1] Petitioner has also filed a "Motion for Order to Show Cause" on July 26, 2013 (ECF No. 25) and a "Motion for Expedited Treatment" on January 7, 2007 (ECF No. 27) in which he argues that respondent has failed to respond to the allegations of the petition, asks the court to order respondent to show cause, presumably, why the petition should not be granted, and asks the court to fast-track his case. The motion for order to show cause should be denied because respondent responded to the petition by filing the instant motion to dismiss well over a year prior to petitioner's motion. Petitioner's request for expedited treatment should likewise be denied as petitioner has thus far failed to allege facts bringing this case within the habeas jurisdiction of this court, as discussed above.

4

his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 19, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE